IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Edmond Jerome Mayes, <br> aka Edward Jerome Mayes, <br><br> Plaintiff, <br><br> vs. <br><br> Deputy Sheriff P W Swift, #815, <br> Greenville County Sheriff's Dept., et al., <br><br> Defendants. | Civil Action No. 6:10-2991-HFF-KFM <br><br> **O R D E R** |

This matter is before the court on the plaintiff's motion "to access law books and material." The plaintiff, a state prisoner proceeding *pro se*, alleges in his complaint that officers used excessive force in arresting him. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff contends that he has been "trying daily to go to the Prison Library and learn about filing and researching certain law material concerning my civil suit. The Institution has denied me each time . . . " (m. to access at 1). The right of access to the courts is protected by the Due Process and Equal Protection Clauses. *Murray v. Giarratano*, 492 U.S. 1, 11 n.6 (1989). In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court held that the right of access imposes an affirmative duty on prison officials to assist inmates in preparing and filing legal papers, either by establishing an adequate law library or by providing adequate assistance from persons trained in the law. *Id*. at 828. In *Lewis v. Casey*, 518 U.S. 343, 349 (1996), the Supreme Court held that a prisoner must show some

actual injury resulting from a denial of access in order to allege a constitutional violation. This requirement can be satisfied by demonstrating that a non-frivolous legal claim was frustrated or impeded by some actual deprivation of access. *Id.* at 352-53. A claim for failure to provide access to the courts must be pleaded with specificity. *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996).

"[A]n inmate must come forward with something more than vague and conclusory allegations of inconvenience or delay in his instigation or prosecution of legal actions." *Cyrus v. U.S. Marshals of Columbia, SC*, C.A. No. 8:05-1384-HFF-BHH, 2007 WL 601610, at *4 (D.S.C. 2007). He must establish a specific prejudice stemming from the denial of the item. *Id.*

Here, the plaintiff has failed to show any injury resulting from the alleged deprivation of access to the law library. Accordingly, the motion (doc. 40) is denied.

IT IS SO ORDERED.

                                            s/Kevin F. McDonald
                                            United States Magistrate Judge

February 2, 2011
Greenville, South Carolina